UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES OF THE BUILDING SERVICE 32BJ HEALTH FUND,

Plaintiffs,

-v-

TRI CONSULTING INC.,

Defendant.
----------------------------------------------------------------------X

Civil Action No.
26-cv-

**COMPLAINT**

Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund (the "Fund"), as and for their Complaint against Tri Consulting Inc. ("Defendant"), respectfully allege as follows:

**NATURE OF ACTION**

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereafter referred to as "ERISA" and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereafter referred to as the "Taft-Hartley Act"), by the Trustees of an employee health fund for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations. This Complaint alleges that by failing to comply with a payroll compliance audit commenced by the Fund, Defendant violated the terms of the collective bargaining agreement, the Trust Agreement and rules and regulations of the Fund, and ERISA.

**JURISDICTION**

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. §1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. §185);

(c) 28 U.S.C. §1331 (federal question);

(d) 28 U.S.C. §1337 (civil actions arising under an Act of Congress regulating commerce).

**VENUE**

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)).

**PARTIES**

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §1002(2), (3) and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Trustees are authorized to maintain suit under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health insurance benefits to those employees eligible to receive them. The Fund maintains its offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. Manny Pastreich is the President of the Union, and a Trustee of the Fund.

6. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as

defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

7. Upon information and belief, at all times material hereto Tri Consulting Inc. was, and is, a District of Columbia for profit corporation having a principal place of business at 1531 D St. SE, Washington, D.C. 20003, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

8. Upon information and belief, at all times relevant Defendant was party to a series of collective bargaining agreements (the "CBAs") with the Union covering bargaining unit employees performing work at the Reeves Center at 2000 14th St. NE, Washington, D.C. As part of the CBAs, Defendant was at all times relevant obligated to pay and submit the required contributions to the Funds.

9. As part of the CBAs, Defendant is also bound to the Fund's Declaration of Trust and rules and regulations, as the CBAs mandate as follows:

> SECTION 4.6 By agreeing to make the required payments into the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees of the Funds shall make such amendments to the Trust Agreements, and shall adopt such regulations as may be required to conform to applicable law.

10. The Fund's Declaration of Trust mandates that Defendant fully comply with payroll compliance audits:

> Section 6. Furnishing Requested Information. The Trustees may call upon the Employers and/or the Union to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Trust Agreement and the Employers and/or Union shall furnish same when so requested. The Trustees or their representatives, duly authorized in writing, shall have the right to audit, examine and make copies of all or any part of the books and records, cash books, ledgers, contracts, tax returns or reports, and any other book or record which the Trustees deem necessary or desirable in connection with the proper administration of the Trust Fund. In any case that arbitration or legal action becomes necessary to enforce an Employer's obligation to submit to an audit or otherwise provide reports or requested information, the Trustees shall also be entitled to recover any and all expenses of that enforcement action, including, but not limited to, audit fees, counsel fees, arbitration costs and fees, and court expenses.

11. The Fund's collection rules and regulations confirm that Defendant must fully cooperate with Fund's payroll audits:

> IV. Compliance Audit Program
>
> ….
>
> B. Employer's duty to cooperate with auditor. Employers are required, pursuant to the Trust Agreements and their collective bargaining agreements, to cooperate with the Funds' auditor by promptly providing all records that are requested to permit the auditors to make a determination regarding the accuracy, completeness, and timeliness of the employer's reports and remittances to the Funds.

12. The Fund contracts with the accounting firm of Schultheis & Panettieri, LP (the "Accounting Firm") to perform payroll compliance audits of contributing employers.

13. On a going forward basis, employers, including Defendant, make reports and contributions to the Fund by way of self-reporting in the Fund's Employer Self-Service System ("ESS"). Employers self-report those employees it represents are eligible for Fund coverage in ESS and, in essence, instructs the Fund to provide health insurance benefits in accordance with said reporting. However, as contributions are owed to the Fund on behalf of all eligible

employees and contribution periods, not merely those reported in ESS, the Fund periodically audits all contributing employers. These audits are the method by way the Trustees meet their fiduciary obligations to the Fund, specifically to collect and recover all sums due.

14. As part of these audits, the Accounting Firm routinely demands production of the following documents: for the audit time period, complete (1) individual earnings records, (2) weekly payroll journals, (3) timesheets, (4) quarterly state and federal payroll tax returns, (5) 940/941s, (6) W-2s, (7) employee roster (showing hire, termination, leave dates, job description(s), job location(s)), (8) general ledger/cash disbursements journal (collectively the "Audit Documents"). The Audit Documents need to be complete for all State(s), including the District of Columbia, that could have sites covered by the CBAs. Defendant's CBAs concern the District of Columbia.

15. The Fund and Accounting Firm have determined that the complete Audit Documents are necessary to perform these audits, and to investigate whether employers have made all necessary contributions to the Fund.

16. The Fund commenced an audit of Defendant for the time period January 1, 2022, through the present (or the date that Defendant's obligation to contribute to the Fund ceased), demanding the Audit Documents.

17. To date, Defendant has refused or otherwise failed to produce the complete Audit Documents, for the Audit Time Period.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(FUNDS' ERISA CLAIM FOR EMPLOYER FAILURE TO COMPLY WITH AN AUDIT**

18. The Fund repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint as if set forth fully herein.

19. Defendant is obligated, pursuant to the terms of the CBAs and ERISA, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Fund.

20. At all times material hereto, Defendant has failed and refused to cooperate with the audit of its books and records for the time period January 1, 2022, through the present.

21. Absent and injunction from this Court, the Fund has no way of knowing if Defendant is in compliance with the CBAs and ERISA.

22. The Fund will be irreparably harmed without an injunction. Plaintiff will lose Defendant's contributions while at the same time potentially having to pay out benefits to Defendant's employees. Additionally, covered employees not reported by Defendant in ESS will continued to not receive health insurance to which they were contractually entitled.

23. Accordingly, pursuant to the terms and conditions of the CBAs and ERISA, the Fund demands an Order directing Defendant to permit and cooperate with the Funds and/or its designated representatives in the conduct of the aforesaid audit of Defendant's books and records, specifically by immediate production of the complete Audit Documents and for the audit fees already incurred, audit fees that will be incurred, attorney's fees and other damages called for by the Agreements and ERISA.

24. Further, upon issuance of the audit findings, the Fund demands an Order directing Defendant to make prompt payment of the audit findings principal, interest, and liquidated damages.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(FUNDS' CONTRACT CLAIM FOR EMPLOYER FAILURE TO COMPLY WITH AN AUDIT**

25. The Fund repeats and realleges each and every allegation contained in Paragraphs 1 through 24 of this Complaint as if set forth fully herein.

26. Defendant is obligated, pursuant to the CBAs and ERISA, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Fund.

27. At all times material hereto, Defendant has failed and refused to fully cooperate with the audit of its books and records for the time period January 1, 2022, through the present.

28. Absent and injunction from this Court, the Fund has no way of knowing if Defendant is in compliance with the CBAs and ERISA.

29. The Fund will be irreparably harmed without an injunction. Plaintiff will lose Defendant's contributions while at the same time potentially having to pay out benefits to Defendant's employees. Additionally, covered employees not reported by Defendant in ESS will continued to not receive health insurance to which they were contractually entitled.

30. Accordingly, pursuant to the terms and conditions of the CBAs and ERISA, the Fund demands an Order directing Defendant to permit and cooperate with the Funds and/or its designated representatives in the conduct of the aforesaid audit of Defendant's books and records, specifically by immediate production of the complete Audit Documents and for the audit fees already incurred, audit fees that will be incurred, attorney's fees and other damages called for by the Agreements and ERISA.

31. Further, upon issuance of the audit findings, the Fund demands an Order directing Defendant to make prompt payment of the audit findings principal, interest, and liquidated damages.

WHEREFORE, Plaintiff Fund demands judgment:

a. For an Order requiring Defendant to permit and fully cooperate in the conduct of an audit by the Fund's auditor of the books and records of Defendant, for the time period January 1, 2022, through the present, namely by immediate production of the Audit Documents;

b. For an Order requiring Defendant to, upon issuance of the audit findings, make prompt payment of the audit principal, interest, and liquidated damages;

c. Against Defendant, awarding the Fund the audit fees incurred in attempting to perform the audit, and the audit fees to be incurred in performing the audit once the Audit Documents are produced;

d. Against Defendant, awarding the Fund their attorney's fees incurred as part of this litigation;

e. For such and further relief as the Court deems just and proper.

Dated: September 16, 2026
Fort Lee, New Jersey

RAAB, STURM & GANCHROW, LLP

By: ______________________________

Samuel R. Bloom (SB1988)
*Attorneys for Plaintiff Fund*
2125 Center Ave., Suite 100
Fort Lee, New Jersey 07024
T: (201) 292-0150
F: (201) 292-0152
sbloom@rsgllp.com